OPINION OF THE COURT
Edward H. Lehner, J.
This litigation was commenced as a CPLR article 78 proceeding to invalidate regulations issued by the Department of Consumer Affairs (DCA) that allegedly are in conflict with the statute authorizing the issuance thereof. At oral argument it was agreed that the court may consider the petition as one seeking a declaratory judgment (transcript at 7).
The instant dispute emanates from the enactment of Local Law No. 19 (2007) of the City of New York (Administrative Code of City of NY, tit 20, ch 2, subch 9) (the statute), which became effective on April 23, 2007 when the New York City Council overrode the veto of the Mayor. The law seeks to regulate the pedicab business in the City by requiring all pedicabs to display a registration plate, but limits the number of plates that may be issued by DCA at any one time to 325 (Administrative Code § 20-251 [a]), and provides that no more than 30 plates may be issued for any pedicab business at any one time (§ 20-251 [b]). The controversy herein relates to regulations issued by DCA that permit the issuance of pedicab business licenses to persons who did not own a pedicab at the time of applying for the license and permit an applicant to seek more licenses than the number of pedicabs then owned, which regulations petitioners claim conflict with the statute.
In an order to show cause dated September 17, 2007, Justice John Stackhouse stayed the implementation of the statute and the regulations adopted pursuant thereto, which stay I continued at oral argument pending determination of the motion before me.
The Statute
The pertinent provisions of the statute are as follows:
“§ 20-249. Definitions . . .
“b. ‘Owned’ or ‘owns’ shall mean possession with good legal title, or possession under a lease, reserve title contract, conditional sales agreement or vendor’s agreement or similar agreement. . . .
*172 “d. ‘Pedicab owner’ or ‘owner’ shall mean any person who owns one or more pedicabs in the city of New York.
“e. ‘Pedicab business’ or ‘business’ shall mean a pedicab owner who operates or authorizes the operation of one or more pedicabs in the city of New York.”
“§ 20-250. Pedicab business license.
“a. It shall be unlawful for a pedicab owner to conduct a pedicab business unless such pedicab owner shall have first obtained from the commissioner a pedicab business license.
“b. In order to obtain, amend or renew a pedicab business license, a pedicab owner must provide the commissioner with the following:
“1. A list of all pedicabs owned, leased or controlled by such pedicab owner for which such owner seeks registration pursuant to section 20-255. Each such pedicab shall be uniquely identified on such list;
“2. Proof that there is in force for the full license term a policy of public liability and property damage insurance that meets the requirements of section 20-253 of this subchapter for each pedicab listed pursuant to paragraph one of this subdivision; and “3. Such other information as the commissioner may require to establish the pedicab owner’s eligibility for a pedicab business license under this subchapter ....
“d. Notwithstanding subdivision a of this section, a person holding a pedicab driver[’s] license shall not be required to obtain a pedicab business license to drive a pedicab that is owned by a pedicab business licensed under this subchapter.”
“§ 20-251. Cap on pedicabs. . . .
“c. The commissioner may prescribe by rule the process by which the number of pedicabs that each pedicab business can register is determined, consistent with the caps specified in subdivisions a and b of this section, including but not limited to, the procedures for the initial application and issuance of pedicab business licenses. Such selection process may consider whether the applicant has, prior to the enactment of this subchapter, owned or operated a pedicab and give priority to applicants who *173 can provide proof of such previous ownership or operation of a pedicab.”
Section 20-251, containing the last quoted provision as well as the above-mentioned limitations on the number of licenses that may be issued, will expire “two years after it shall have become a law” (Local Law 19 § 5). The statute is effective “150 days after it shall have become a law” (id.). The report of the City Council Committee on Consumer Affairs dated February 28, 2007 states that the Council intends that the Police and Transportation Departments issue a report within 18 months of the effective date of the statute indicating the “effectiveness” thereof, including the limitations imposed on the number of licenses that may be issued.
The Regulations
To regulate the issuance of registration plates, Rules of City of New York Department of Consumer Affairs (6 RCNY) § 2-416 (a) (3) provides for the creation of two pools of applicants, as follows:
“3. The Commissioner shall identify two pools from the applicant pool for registration plates. The first such pool shall be established as the established business applicant pool for registration plates by including all applicants qualified as described in subdivision (b) of this section. The second such pool shall be established as the new business applicant pool for registration plates by including all qualified applicants as described in paragraph one of subdivision (c) of this section.”
The term “established pedicab business” is defined as “a business that has been engaged in a bona fide pedicab business before April 23, 2007.” (§ 2-415 [d].) The new business pool, created by subdivision (c) of section 2-416 of the regulations, is not the subject of the instant litigation as it appears that all of the 325 authorized plates will be issued to those coming within the definition of an “established pedicab business.”
Section 2-416 (b) of the regulations, dealing with established pedicab businesses and which contains the challenged provision permitting a pedicab operator who is not an owner of a pedicab to apply for a registration plate, provides in part as follows:
“To qualify for inclusion in the established business applicant pool for registration plates, an applicant requesting a pedicab registration plate shall satisfy *174 the following requirements:
“1. Request to be included in such pool in the pedicab business license application;
“2. Specify the number of pedicabs for which an applicant requests registration plates, up to thirty, which is the maximum authorized by subdivision b of section 20-251 of the Administrative Code of the City of New York, for each licensee; and “3. Submit with its license application any of the below described qualifying documentation sufficient to verify the applicant was engaged in the pedicab business in New York City before April 23, 2007:
“(i) a certificate of incorporation or a ‘doing business as’ registration issued by a government agency in the name of the applicant for the pedicab business license that either on its face pertained to a pedicab business or can otherwise be shown to have pertained to such a business;
“(ii) any other documentation issued by a governmental agency that authenticates that the person applying for a pedicab business license had, in fact, been engaged in such business;
“(in) certificates of insurance showing a policy for liability insurance was issued by an insurer authorized to do business in this state in the name of the person applying for a pedicab business license which was in force for an entire policy period commencing before April 23, 2007; or
“(iv) an accurate and sworn statement affirming that the applicant has been engaged in the pedicab business as a sole-proprietor pedicab business or as a pedicab operator for at least one year prior to April 23, 2007, three independent references from persons who can substantiate that the applicant was engaged in the pedicab business during such period, and a copy of federal and state income tax returns that such applicant filed in any of the two most recent tax years, provided however that such applicant shall be eligible to request and to be issued only one pedicab registration plate out of the established business applicant pool for registration plates.
“4. Applicants for the established business applicant pool for registration plates shall be included in such pool upon determination by the Commissioner that such applicants are qualified to be issued pedicab *175 business licenses and have submitted the documentation required verifying that they were engaged in the pedicab business before April 23, 2007.”
The Motion
In their motion herein, petitioners seek a declaration that the statute does not authorize (i) the provision of 6 RCNY 2-416 (b) (3) (iv) permitting applications for the issuance of registration plates by one who did not own a pedicab at the time of the application, nor (ii) the provision of section 2-416 (b) (2) allegedly permitting a pedicab owner to apply for more registration plates than the number of pedicabs owned; and to revise accordingly the list of persons eligible to be issued pedicab business licenses and registration plates. They point to various provisions in the statute that refer to pedicab owners as the persons entitled to apply for plates and maintain that Administrative Code § 20-251 (c), which refers to persons who “operated” a pedicab, deals only with the selection process among pedicab owners.
Respondents acknowledge that under the regulations the number of applications for registration plates may exceed the number of pedicabs owned by an applicant at the time of making an application, but state that “an applicant will not receive a pedicab registration plate for a pedicab that the applicant does not own” (answer U 118), contending that “DCA’s application process allows an expanding business to apply for a specific number of pedicab registration plates and then to purchase or lease additional pedicabs so as to reach the number of registration plates requested,” and that “DCA will ultimately only issue a registration plate to an actual pedicab that passes inspection” (respondents’ mem of law at 4).
The effect of section 2-416 (b) (3) of the regulations is that a person may apply for a registration plate if the applicant either was in the pedicab business prior to April 23, 2007 or was an operator of a pedicab for at least a year prior to said date, with there being no provision setting forth how many hours in the year that the person had to be so employed. Thus, a person may apply for a pedicab license and be included in the pool for the 325 registration plates that are available even though the person never owned a pedicab. In this regard, respondents indicated at oral argument that presently there are approximately 600 pedicabs operating in the city, with the consequence that owners of approximately 275 pedicabs will be unable to obtain registration plates, even without considering the additional nonowner ap *176 plicants (transcript at 22, 42). It was stated that a pedicab costs approximately $3,000 (transcript at 10, 26).
Discussion
The section of the statute setting forth the provisions for obtaining a license to operate a pedicab (Administrative Code § 20-250) refers only to owners, as the term “pedicab business” as employed therein is defined in section 20-249 (e) as a person who is a pedicab owner, and the meaning of “owner” is set forth in section 20-249 (d) as a person who “owns,” as defined in section 20-249 (b), one or more pedicabs. To apply for a license, section 20-250 mandates that an applicant provide a list of pedicabs owned (each pedicab apparently has an identification number similar to the VIN on a motor vehicle [transcript at 27]), and submit proof of the issuance of a “full term” liability policy for each vehicle so listed (§ 20-250 [b] [2]).
The key provision of the statute upon which respondents rely to sustain the disputed regulations is subdivision (c) of section 20-251. Said section, which sunsets in two years, deals with the caps on the numbers of licenses which may be issued. The subdivision authorizes DCA to issue regulations to establish “the process by which the number of pedicabs that each pedicab business can register is determined,” and goes on to provide that the “selection process may consider whether the applicant has . . . owned or operated a pedicab and give priority to applicants who can provide proof of previous ownership or operation of a pedicab” (§ 20-251 [c]). While the import of this provision is far from clear, I find, in light of the other statutory provisions, that the reference in this section (dealing with the selection process among applicants) to persons who “operated” a pedicab can only refer to authorizing regulations that will grant a priority in the selection process to owners who also operated a pedicab. It in no way modifies section 20-250 which, as indicated above, specifies who may apply for a license. The interpretation advanced by respondents, permitting applications by nonowners, would entirely eviscerate the statutory framework referred to above, and create a hardship to businesses that had previously invested in the industry by reducing the number of licenses available to them.
Further, in light of section 20-250 which, as aforesaid, requires a license applicant to list the pedicabs owned and provide proof of insurance coverage with respect thereto, I conclude that insofar as the regulations permit an owner-applicant to request *177 licenses for pedicabs not then owned, it also is in conflict with the statute.
Accordingly, I convert this article 78 proceeding into an action seeking declaratory relief (see Matter of County of Oneida v Berle, 49 NY2d 515, 524 [1980]), and declare that, to the extent the regulátions permit a nonowner to apply for one of the 325 available registration plates and permit an owner to apply for more plates than the number of pedicabs owned, the regulations are in conflict with the enabling statute, and are thus invalid. Hence, petitioners’ motion is granted to the extent that respondents are directed to revise the list of persons eligible to be included in the “established business pool” to include only persons who owned (as defined in Administrative Code § 20-249 [b]) pedicabs at the time of the application for the registration plates and to limit the number of licenses that may be issued to any applicant to the number of pedicabs owned at the time of the application.
Except with respect to above direction, the stay previously issued enjoining the implementation of the statute and the regulations is hereby vacated.